# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2782

_____

| | | |
|---|---|---|
| Kazimierz J. Dudek; Margaret Varley Dudek, on behalf of themselves and all others similarly situated, | * * * * | |
| Plaintiffs - Appellants, | * * | Appeal from the United States District Court for the |
| v. | * * | Northern District of Iowa. |
| Prudential Securities, Inc., et al., | * * * | |
| Defendants - Appellees. | * | |

_____

Submitted: March 14, 2002

Filed: July 15, 2002

_____

Before LOKEN, Circuit Judge, GOLDBERG,* Judge of the United States Court of International Trade, and KYLE,** District Judge.

_____

LOKEN, Circuit Judge.

The Private Securities Litigation Reform Act of 1995 enacted procedural reforms to enable district courts to weed out meritless class actions alleging fraud in

_____

*The HONORABLE RICHARD W. GOLDBERG, sitting by designation.

**The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

the purchase and sale of securities. <u>See</u> 15 U.S.C. 77z-1(b), 78u-4(b); <u>Lander v. Hartford Life & Annuity Ins. Co.</u>, 251 F.3d 101, 107 (2d Cir. 2001). An unintended result was to "dr[i]ve many would-be plaintiffs to file their claims in state court, based on state law, in order to circumvent the strong requirements established by the statute." <u>In re Lutheran Bhd. Variable Ins. Prod. Co. Sales Practices Litig.</u>, 105 F.Supp.2d 1037, 1039 (D. Minn 2000). Congress responded by enacting the Securities Litigation Uniform Standards Act of 1998 (SLUSA) to "prevent plaintiffs from seeking to evade the protections that federal law provides against abuse litigation by filing suit in State, rather than federal, courts." <u>Id.</u> at 1039, quoting H.R. Conf. Rep. No. 105-803 (Oct. 9, 1998). SLUSA amended the Securities Act of 1933 and the Securities Exchange Act of 1934 to preempt certain state law claims and to provide for the removal to federal court of class actions asserting those claims.[1]

---

[1]The 1933 Act was amended to provide:

(b) No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging --

(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or

(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

(c) Any covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(b) and (c). The same provisions were added to the 1934 Act at 15 U.S.C. § 78bb(f)(1) and (2).

Plaintiffs filed this class action in Iowa state court alleging improper marketing of tax-deferred annuities to accounts that already enjoyed tax-deferred status. The annuities were inappropriate investments, plaintiffs allege, because tax-deferred accounts did not need the tax benefits, and therefore the extra fees and costs that tax-deferred annuities entail were a waste of the investors' money. Defendants removed the case and moved to dismiss the state law claims as preempted by SLUSA. The district court[2] denied plaintiffs' motion to remand and dismissed the action. Relying on Lander, the court held that plaintiffs' claims must be dismissed because tax-deferred annuities are securities covered by SLUSA and therefore plaintiffs' claims were in substance based upon material misrepresentations and non-disclosures in the purchase or sale of a covered security.

Plaintiffs appeal, arguing that tax-deferred annuities are not covered securities; that the McCarran-Ferguson Act, 15 U.S.C. §§ 1011-1015, precludes the preemption of state law claims involving tax-deferred annuities, because they are insurance products; that plaintiffs' state law claims are not preempted because they are not grounded in fraud or misrepresentation in the sale of annuities; and that the district court abused its discretion in denying plaintiffs leave to file an amended complaint. Reviewing all but the last issue de novo, we reject plaintiffs' arguments and affirm. See Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000), cert. denied, 532 U.S. 921 (2001) (standard of review).

## I.

In Lander, plaintiffs commenced a class action asserting state law claims based upon alleged fraud and misrepresentation in the marketing of tax-deferred variable annuities. As in this case, defendants removed and moved to dismiss. The Second

---

[2]The HONORABLE EDWARD J. McMANUS, United States District Judge for the Northern District of Iowa.

Circuit affirmed the dismissal of the claims as preempted by SLUSA. After a thorough review and analysis of the relevant statutes, the court concluded (i) that variable annuities are "covered securities" for purposes of the removal and preemption provisions of 15 U.S.C. §§ 77p and 78bb(f); and (ii) that the McCarran-Ferguson Act does not preclude SLUSA preemption of state law claims relating to variable annuities even thought they are, at least in part, insurance products. Prior to Lander, then Chief Judge Magnuson of the District of Minnesota reached the same conclusions in Lutheran Brotherhood, 105 F. Supp. 2d at 1039-42. More recently, the Ninth Circuit reviewed these issues and followed the Second Circuit's decision in Lander. See Patenaude v. The Equitable Life Assur. Soc. of the U.S., 290 F.3d 1020, 1022 (9th Cir. 2002).

On appeal, plaintiffs admit that tax-deferred annuities are securities "covered" by SLUSA but argue that Lander was nonetheless incorrectly decided. Plaintiffs posit that SLUSA preemption should be limited to fraud claims affecting the value of nationally publicly traded securities, and that the McCarran-Ferguson Act should trump SLUSA preemption in the case of insurance products such as annuities. After careful review, we reject these contentions for the reasons stated in Lander, Patenaude, and Lutheran Brotherhood. Plaintiffs further argue their claims are based upon excessive fee charges, not alleged misconduct *in connection with* the purchase or sale of a security, relying on cases holding that SLUSA does not preempt state law claims arising out of broker/customer disputes not involving transactions in specific securities, such as the breach of contract claim in Green v. Ameritrade, Inc., 279 F.3d 590 (8th Cir. 2002). See also Gutierrez v. Deloitte & Touche, 147 F. Supp. 2d 584 (W.D. Tex. 2001); Shaw v. Charles Schwab & Co, 128 F. Supp. 2d 1270 (W.D. Cal. 2001). These cases are readily distinguishable. Here, the claim is that defendants' misconduct caused plaintiffs to invest in inappropriate securities. Regardless of what made the investments inappropriate, if these are covered fraud claims -- an issue we take up in Part II of this opinion -- they are claims "in connection with the purchase or sale of a covered security" for purposes of SLUSA preemption.

-4-

**II.**

When federal and state law provide overlapping remedies, a plaintiff may normally avoid federal question jurisdiction by pleading only a cause of action under state law. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). However, if Congress has completely preempted a particular area, plaintiff may not avoid federal question jurisdiction and the preemption of state law claims by artfully concealing the federal question in an otherwise well-pleaded complaint under state law. See M. Nahas & Co. v. First Nat'l Bank of Hot Springs, 930 F.2d 608, 612 (8th Cir. 1991); 16 MOORE'S FEDERAL PRACTICE § 107.14[4][b] (Matthew Bender 3d ed.).

Congress has not completely preempted the field of securities regulation. But SLUSA expressly preempts all state law class actions based upon alleged untrue statements or omissions of a material fact, or use of a manipulative or deceptive device or contrivance, in connection with the purchase or sale of a covered security.[3] Plaintiffs argue SLUSA does not apply to this case because their complaint did not allege fraud or a misrepresentation or omission of material fact. The district court rejected this contention and dismissed plaintiffs' class action because its "gravamen . . . involves an untrue statement or substantive omission of a material fact in connection with the purchase or sale of a covered security." We agree.

Plaintiffs initially filed this action in New York state court asserting nine causes of action, including fraud and deceit, breach of fiduciary duty, deceptive business practices in violation of the New York General Business Law, negligent misrepresentation, and unjust enrichment. Plaintiffs alleged that defendants "affirmatively mislead prospective customers into believing that deferred annuities

---

[3]Congress combined preemption with removal of covered class actions to the federal courts. The express removal provisions of SLUSA are clearly sufficient to confer Article III "arising under" jurisdiction. See Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 494-97 (1983).

may be appropriate investments for placement into qualified retirement plans, and fail to disclose the inappropriateness and unsuitability of such investments," and that these "practices constitute deceptive and abusive practices in violation of common and state statutory law and equitable principles . . . ." After defendants removed to the United States District Court for the Southern District of New York, plaintiffs voluntarily dismissed the complaint to avoid what they described as "disputed threshold issues of personal jurisdiction, venue and a motion to transfer." Plaintiffs obtained court approval of the dismissal without notice to the class by representing to the court that they "protected the interests of the Class by refiling essentially the same action on behalf of the class" in Iowa state court.

Plaintiffs' Iowa complaint asserts five state law causes of action -- breach of fiduciary duty by selling "inherently unsuitable and inappropriate" tax-deferred annuities, unjust enrichment, declaratory and injunctive relief, reformation, and conspiracy to breach fiduciary duties. Although plaintiffs deleted the allegations of fraud, misrepresentation, and non-disclosure that permeated their New York complaint, the fact allegations in the two complaints are otherwise essentially the same, and the overall target of both complaints is what plaintiffs call defendants' "general business plan to sell tax-deferred annuities for investment by persons owning qualified retirement plans." As the district court recognized, the essence of both complaints is the unlawful marketing of tax-deferred annuities, either by misrepresenting their suitability for tax-deferred retirement plans, or by failing to disclose their unsuitability for such accounts. In substance, both complaints allege that defendants misstated or omitted material facts in connection with the purchase and sale of the tax-deferred annuities. Moreover, fairly read, plaintiffs' Iowa complaint alleges that defendants "used or employed [a] deceptive device or contrivance in connection with the purchase or sale of a covered security," a claim expressly preempted by 15 U.S.C. §§ 77p(b)(2) and 78bb(f)(1)(B).

**III.**

Finally, plaintiffs argue the district court abused its discretion in denying them leave to file an amended complaint. See Becker v. Univ. of Nebraska, 191 F.3d 904, 908 (8th Cir. 1999) (standard of review). Plaintiffs first raised this issue at the end of their brief to the district court on the removal and preemption issues, stating that "if defendants' motion to dismiss is granted, plaintiffs' should be permitted to file an amended complaint." Plaintiffs did not include a proposed amended pleading, as Local Rule 15.1 of the Northern District of Iowa requires. Nor did plaintiffs describe what changes they would make to avoid SLUSA preemption, or what non-futile federal causes of action they would seek to assert. In these circumstances, the district court did not abuse its discretion in granting defendants' motion to dismiss.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-7-