Robert GRAY and XRGX Corporation, individually and as representatives of a class of other persons similarly situated, Plaintiffs,

v.

SEABOARD SECURITIES, INC.; Deutsche Bank Alex. Brown, Inc.; and Vincent Danna, Defendants.

No. 102CV1204FJSRFT.

United States District Court, N.D. New York.

Jan. 29, 2003.

Ballard, Rosenberg, Golper & Savitt, LLC, New York (Kenneth McCulloch, of counsel), for Plaintiffs.

McCarter & English, LLP, New York City (Joseph R. Disalvo, of Counsel), for defendants.

SCULLIN, Chief Judge.

## I. INTRODUCTION

Plaintiffs commenced the instant putative class action in New York State Supreme Court, Ulster County, alleging (1) violations of New York General Business Law § 349 (two counts), (2) breach of contract (two counts), (3) fraud and fraudulent misrepresentation, and (4) negligence and negligent supervision.[1] On September 18, 2002, Defendants removed the action to this Court pursuant to 15 U.S.C. § 78bb(f)(2). Presently before the Court is Plaintiffs' motion to remand the action to state court and Defendants' cross-motion to dismiss.

---

1. Plaintiffs additionally assert a seventh "cause of action" that is, in substance, a prayer for punitive damages based on the first six substantive bases for relief.

## II.  BACKGROUND

Plaintiff Robert Gray ("Gray") is the beneficial owner of Plaintiff XRGX Corporation ("XRGX"), a New York corporation (collectively, "Plaintiffs").  Plaintiffs bring the instant action as representatives of two putative classes of similarly situated individuals.  Defendant Seaboard Securities, Inc. ("Seaboard") is a "full service" brokerage firm that provides services including investment research, investment advice, and execution of trades.  Defendant Deutsche Bank Alex. Brown, Inc. ("Alex. Brown")[2] is also a "full service" brokerage firm affiliated with Seaboard for the purpose of providing proprietary investment research and advice.  Defendant Vincent Danna ("Danna") was the investment adviser whom Seaboard assigned to Plaintiffs' accounts.

The gravamen of Plaintiffs' complaint is that Seaboard misrepresented the nature of its affiliation with Alex. Brown to Plaintiffs' detriment.  Plaintiffs assert two sets of "class allegations" in support of their various causes of action.  The first class ("Class I") consists of "those persons to whom, since January 28, 1998, defendants have represented that they were and are providing investment advice based on research and recommendations from Alex. Brown to cause such persons to pay 'full service' brokerage firm commissions."  *See* Complaint at ¶ 11.  Class I was allegedly damaged to the extent that the individual class members paid elevated commission fees for services that they did not receive, *i.e.,* proprietary investment research and advice from Alex. Brown.  *See id.* at ¶ 12.  The second class ("Class II") is a subset of

Class I that Seaboard and Danna allegedly caused to invest in certain securities by falsely indicating that Alex. Brown recommended the investments.  *See id.* at ¶ 13.[3]

## III.  DISCUSSION

### A.  Standard

#### 1.  Motion to Remand

"A removing party bears the burden of establishing that the case falls within the Court's removal jurisdiction." *Korsinsky v. Salomon Smith Barney Inc.,* No. 01 Civ. 6085, 2002 WL 27775, *2 (S.D.N.Y. Jan.10, 2002) (citing *Crazy Eddie, Inc. v. Cotter,* 666 F.Supp. 503, 508 (S.D.N.Y.1987)).  " 'It is settled that the removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand.' " *Id.* (citations omitted).[4]

#### 2.  Motion to Dismiss

■ Defendants' motion to dismiss does not identify a provision of the Federal Rules of Civil Procedure under which they seek dismissal.  As explained more fully below, Defendants seek dismissal on the ground that Plaintiffs' state law causes of action are entirely preempted by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub.L. 105–353, 112 Stat. 3227 (1998) (codified at 15 U.S.C. §§ 77p, 78bb(f)).  The Court will therefore treat Defendants' motion as a motion to dismiss for failure to state a claim upon which relief can be granted.  *See MDCM Holdings, Inc. v. Credit Suisse First Boston Corp.,* 216 F.Supp.2d 251, 252–53 (S.D.N.Y.2002) (evaluating motion to dis-

---

2.  The current incarnation of Alex. Brown is apparently the result of several mergers and acquisitions.

3.  Specific allegations linked to each of Plaintiffs' substantive causes of action are set forth more fully below.

4.  The parties have not argued nor does there appear to be an independent basis for subject matter jurisdiction over Plaintiffs' state law claims.

miss based on SLUSA preemption under Rule 12(b)(6) standard); *cf. Rocco v. New York State Teamsters Conference Pension & Ret. Fund*, 281 F.3d 62, 72 (2d Cir.2002) ("[D]ismissal of claims under ERISA's preemption provision, ..., is to be considered a 'dismissal under Rule 12(b)(6) for failure to state a claim, not for lack of jurisdiction.' ") (quoting *Jiras*, 170 F.3d at 165 (citation omitted)).

A court may not dismiss an action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure " 'unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him or her to relief.' " *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002) (quoting *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir.2000)). In making this determination, the court must "constru[e] the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Id.* (citing *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir.2001)).

## B. Applicability of SLUSA to the Instant Action

■ The gravamen of Defendants' motion to dismiss is that SLUSA preempts Plaintiffs' claims. As an initial matter, however, Plaintiffs maintain that SLUSA is not retroactive to conduct that occurred before its enactment in 1998 and that SLUSA is therefore entirely inapplicable to this case.[5] Defendants contend that the question is not whether the conduct complained of predated SLUSA but whether the action was filed after SLUSA's effective date.

"A statute does not apply 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, ..., or upsets expectations based in prior law." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (internal citations and footnote omitted). For example, where a new rule of procedure goes into effect after a cause of action accrues, but prior to the filing of a lawsuit that is based on pre-enactment conduct, there is generally no retroactivity concern.[6] *See, e.g., Vernon v. Cassadaga Valley Cent. Sch. Dist.*, 49 F.3d 886, 889–91 (2d Cir.1995) (concluding that a new statute of limitations that barred a cause of action based on pre-enactment conduct was not retroactive).

Courts construing SLUSA characterize the statute as establishing a procedural rule with respect to the filing of class action lawsuits alleging securities fraud, *see, e.g., In re Enron Corp. Sec., Derivative & Erisa Litig.*, No. MDL–1446, slip op. at 22 (S.D.Tex. Aug.16, 2002) (concluding that "SLUSA exemplifies a rule of procedure that regulates secondary rather than primary conduct, the plaintiff's filing and prosecution of the litigation, as opposed to the defendant's allegedly unlawful conduct.") (*"In re Enron"*) (copy attached at Dkt. No. 22, Exhibit "2"), and it is thus doubtful that a retroactivity analysis is warranted. Indeed, at least three federal courts to pass on the issue have concluded that SLUSA applies with full force to actions filed after its effective date. *See In re Enron*, slip op. at 19–23; *In re BankAmerica Corp. Sec. Litig.*, 95 F.Supp.2d 1044, 1046 n. 2 (E.D.Mo.2000) (noting that SLUSA does not apply to actions filed before the effective date but

---

**5.** Plaintiffs cite no authority for this proposition.

**6.** New laws that alter preexisting substantive rights, on the other hand, implicate a retroac-

tivity analysis. *See Landgraf*, 511 U.S. 244, 269 & n. 23, 114 S.Ct. 1483 (quotation and citations omitted).

that it applies with full force to actions filed after the effective date); *cf. W.R. Huff Asset Mgmt. Co., LLC v. Kohlberg Kravis Roberts & Co., L.P.*, 234 F.Supp.2d 1218, 1226–27 (N.D.Ala.2002) (concluding that "SLUSA applies retroactively to actions filed subsequent to enactment based on pre-enactment conduct."). *But see W.R. Huff Asset Mgmt. Co., L.L.C. v. BT Sec. Corp.*, 190 F.Supp.2d 1273,1278–81 (N.D.Ala.2001) (holding that SLUSA is not retroactive and thus does not preempt a state law class action filed after SLUSA's effective date that is based on conduct that predated SLUSA's effective date).

Plaintiffs' lawsuit in this case was filed in August of 2002, well after the enactment of SLUSA. While some of the conduct complained of in the instant action predates SLUSA's enactment, the weight of authority suggests that the relevant conduct is the filing of the lawsuit, not the conduct allegedly giving rise to liability. Accordingly, the Court find that this case does not raise any retroactivity concerns and that SLUSA therefore applies to the present action.[7]

## C. SLUSA Preemption

SLUSA broadly preempts state law class actions based on allegations of fraud in connection with the purchase or sale of covered securities. *See Lander v. Hartford Life & Annuity Ins. Co.*, 251 F.3d 101, 107 (2d Cir.2001) (citation omitted). Specifically, SLUSA provides that:

> No covered class action based on the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any party alleging -
>
> > (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or
> >
> > (B) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 78bb(f)(1).[8] In addition, "[a]ny covered class action brought in any state court ... shall be removable to the Federal district court ...." 15 U.S.C. § 78bb(f)(2).

"In order to defeat a motion to remand an action [removed under SLUSA] to state court, the removing defendant must show that: (1) the action is a 'cov-

---

7. Significantly, application of SLUSA to Plaintiffs' claims will, at most, result in Plaintiffs being unable to prosecute their state law claims as a class action. SLUSA does not affect a plaintiff's ability to prosecute state law claims individually or to bring a class action under federal securities laws. *See Araujo v. John Hancock Life Ins. Co.*, 206 F.Supp.2d 377, 385 (E.D.N.Y.2002) (citing *Lander*, 251 F.3d at 113). Accordingly, the effect of application of SLUSA to the instant action, in terms of the substance of the claims and relief available to the named Plaintiffs, is *de minimis. See In re Enron*, slip op. at 21 ("[Plaintiff] has not lost his right to pursue his claims individually in Texas state court."); *cf. Vernon*, 49 F.3d 886, 889–91 (affirming harsh result that plaintiff's cause of action was en-

tirely barred by intervening change to limitations period).

8. SLUSA contains two identical preemption and removal provisions; one is found at 15 U.S.C. § 77p(b) and the other is found at 15 U.S.C. § 78bb(f). The difference is that the former applies to remedies available under the Securities Act of 1933 and the latter applies to remedies available under the Securities Exchange Act of 1934. The instant case involves allegations of wrongdoing by securities brokers whose activities are regulated under the Securities Exchange Act of 1934. *See generally* 1 Thomas Lee Hazen, Law of Securities Regulation § 1.2[3][B] (4th Ed.2003) (describing the scope of the Securities Exchange Act of 1934). Accordingly, reference to § 78bb(f) is appropriate.

ered class action' under SLUSA; (2) the action purports to be based on state law; (3) the action involves a 'covered security' under SLUSA; and (4) that the defendant misrepresented or omitted a material fact 'in connection with' the purchase or sale of such security." *Hardy v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 189 F.Supp.2d 14, 17 (S.D.N.Y.2001) (citing 15 U.S.C. §§ 78bb(f)(1) and (2)).

As an initial matter, there is no dispute as to the first two elements of the SLUSA preemption analysis set forth above, *i.e.,* that this case involves (1) a "covered class action" (2) based on state law. The dispute thus centers on the third and fourth elements.

*1. Whether Plaintiffs' allegations concern "covered securities."*

■■ Plaintiffs assert that the complaint does not name specific securities that are "covered securities" within the meaning of SLUSA. Defendants nevertheless contend that all of the securities in question are traded on major stock exchanges. While the complaint does not specify which securities were involved in the underlying conduct, there appears to be no dispute that all of the securities at issue were listed on major exchanges. *See* 15 U.S.C. § 78bb(f)(5)(E) (referring to 15 U.S.C. § 77r(b) for definition of "covered security," which includes those listed on major exchanges); *see also Korsinsky,* 2002 WL 27775, at *4 (holding that AT & T stock, which is listed on the New York Stock Exchange, is a "covered security") (citation omitted). Accordingly, the Court finds that this case involves "covered securities" within the meaning of SLUSA.

*2. Whether Plaintiffs' allegations assert misrepresentations or omissions "in connection with" the purchase or sale of covered securities.*

To defeat Plaintiffs' motion to remand, Defendants must show that Plaintiffs allege misrepresentations or omissions "in connection with" the purchase or sale of covered securities.[9] *See* 15 U.S.C. § 78bb(f)(1)(A). Some courts read SLUSA very broadly to preempt state law claims that require no proof of misrepresentations or omissions and are, at most, tangentially connected to the purchase or sale of a covered security. *See, e.g., Araujo,* 206 F.Supp.2d at 384–85 (holding that breach of contract and unjust enrichment claims are preempted where a plaintiff generally alleges fraud in connection with the purchase or sale of securities); *Dudek v. Prudential Sec., Inc.,* 295 F.3d 875, 880 (8th Cir.2002) (preempting all causes of action where "the essence of [the complaint] is the unlawful marketing of [securities] . . . ."). This approach, however, is at odds with the well-settled principle that federalism concerns impel "the presumption that Congress did not intend to displace state law." *Greater New York Metro. Food Council, Inc. v. Giuliani,* 195 F.3d 100, 105 (2d Cir.1999) (citation omitted). Thus, the fact that SLUSA preempts *some* causes of action in a complaint does not entitle a defendant to broadly invoke federal preemption against the entire complaint. Accordingly, the Court will analyze the material allegations related to each of Plaintiffs' state law causes of action in assessing whether SLUSA preemption applies.

---

9. The Court notes that "[b]ecause this phrase tracks language in Section 10(b) of the Securities Exchange Act of 1934 [, 15 U.S.C. § 78j(b),] . . . [courts] . . . rely upon the law arising under Section 10(b) to interpret SLUSA's requirement that the misrepresentation or omission be 'in connection with' a purchase or sale of a security." *Spielman v. Merrill Lynch, Pierce, Fenner & Smith Inc.,* No. 01 Civ. 3013, 2001 WL 1182927, *2 (S.D.N.Y. Oct.9, 2001) (citations omitted)

### a. First and second causes of action: N.Y. Gen. Bus. Law § 349.

■ A plaintiff must establish three elements to state a claim under N.Y. Gen. Bus. Law § 349: "First, the challenged act must be consumer oriented. Second, that the act was misleading in a material way, and third, that the plaintiff suffered injury as a result of the act." *Anunziatta v. Orkin Exterminating Co., Inc.,* 180 F.Supp.2d 353, 361 (N.D.N.Y.2001) (citing *Stutman v. Chemical Bank,* 95 N.Y.2d 24, 28, 709 N.Y.S.2d 892, 731 N.E.2d 608 (2000)). An allegation of fraud, in the form of a material misrepresentation, is thus an element of a cause of action under section 349.

Plaintiffs' first cause of action essentially alleges fraud in the inducement under N.Y. Bus. Law § 349; Plaintiffs claim that they would not have contracted with Defendants for investment services but for Defendants' misrepresentations regarding the source and availability of investment advice. Under SLUSA, "the critical question is whether [the plaintiff's] amended complaint can reasonably be read as alleging a sale or purchase of a covered security made in reliance on the allegedly faulty information ...." *Green v. Ameritrade, Inc.,* 279 F.3d 590, 598 (8th Cir.2002). " '[T]he incidental involvement of securities [does] not implicate the anti-fraud provisions of the securities laws.' " *Spielman,* 2001 WL 1182927 at *3 (quotation and citation omitted). Rather, "[t]he fraud must be 'integral to the purchase and sale of the securities in question.' " *Id.* (quoting *Pross,* 784 F.2d at 459).

Plaintiffs do not allege, with respect to their first cause of action, that they bought or sold specific securities in reliance on Defendants' alleged misrepresentations. Rather, Plaintiffs allege that they contracted for services in reliance on Defendants' misrepresentations. Put another way, Plaintiffs allege misrepresentations in connection with their decision to do business with Defendants, not their decisions to buy or sell specific securities. *Cf. Spielman,* 2001 WL 1182927, at *4–*5 (concluding that allegations concerning misrepresentations about fee structure for trading were not preempted by SLUSA); *Abada v. Charles Schwab & Co., Inc.,* 127 F.Supp.2d 1101, 1103 (S.D.Cal.2000) (with respect to claims regarding the quality of services rendered by online trading company, "defendant's conduct had nothing to do with the trading of any particular security and any misrepresentation made by Schwab did not affect the value of the security but merely involved the relationship between Schwab and its customers."). *But see McCullagh v. Merrill Lynch & Co.,* No. 01 Civ. 7322, 2002 WL 362774, *4 (S.D.N.Y. Mar.6, 2002) (applying SLUSA preemption where allegations involved quality of investment advice, despite the fact that the plaintiffs did not allege detrimental reliance in any particular securities transactions). Accordingly, the Court finds that SLUSA does not preempt Plaintiffs' first cause of action because Plaintiffs do not allege misrepresentations or omissions "in connection with" the purchase or sale of covered securities.

■ Plaintiffs' second cause of action is a different matter. Under federal securities law, "misrepresentations or omissions concerning the value of a covered security satisfy the 'in connection with' requirement." *Korsinsky,* 2002 WL 27775, at *5 (citing *Saxe v. E.F. Hutton & Co., Inc.,* 789 F.2d 105, 108 (2d Cir.1986)) (other citation omitted). Allegations that a brokerage induced customers to purchase certain securities by maintaining falsely positive recommendations therefore fall within the ambit of SLUSA. *See Hardy,* 189 F.Supp.2d at 19.

Plaintiffs' second cause of action alleges, *inter alia*, that Defendants induced Plaintiffs to purchase securities through misrepresentations as to their value and omissions as to Defendants' interest in the sale of the securities. *See* Compl. at ¶¶ 53–60. This is precisely the type of claim with which SLUSA is concerned. Accordingly, the Court dismisses Plaintiffs' second cause of action with prejudice as preempted by SLUSA.

**b. Third and fourth causes of action: breach of contract.**

■ To establish a claim for breach of contract under New York law, a plaintiff must show (1) that a valid contract existed among the parties, (2) performance by the plaintiff, (3) defendant's failure to perform, and (4) resulting damages. *See Clarke v. Max Advisors, LLC*, 235 F.Supp.2d 130, 140–41 (N.D.N.Y.2002) (citing *Furia v. Furia*, 116 A.D.2d 694, 695, 498 N.Y.S.2d 12, 13 (2d Dept.1986)).

Plaintiffs' third cause of action alleges that Plaintiffs contracted for specific investment services, paid for such services, and that Defendants failed to deliver those services. *See* Complaint at ¶¶ 64–76. Plaintiffs' contract claim requires no proof of misrepresentations or omissions by Defendants. *Cf. MDCM Holdings, Inc.*, 216 F.Supp.2d at 257–59 (holding that breach of contract claim was not preempted by SLUSA because proof of misrepresentation or fraud is not a required element). Accordingly, the Court finds that SLUSA does not preempt Plaintiffs' third cause of action because it alleges no misrepresentations or omissions.[10]

Plaintiffs' fourth cause of action appears to be based on the same breach of contract set forth in the third cause of action.

Rather than setting forth a separate ground for relief, the fourth cause of action appears to be a prayer for consequential damages. *See* Compl. at ¶ 80 ("As a result of the breach of contract by defendants, plaintiffs and members of Class II of which they are part, suffered investment losses that they otherwise would not have suffered if defendants had not breached the contract."). Accordingly, the Court finds that Plaintiffs' fourth cause of action is a prayer for damages related to the third cause of action.

**c. Fifth cause of action: fraud and fraudulent misrepresentation.**

■ To state a claim for fraud under New York law, a plaintiff must demonstrate: "(1) a misrepresentation or omission of material fact; (2) which the defendant knew to be false; (3) which the defendant made with the intention of inducing reliance; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Wynn v. AC Rochester*, 273 F.3d 153, 156 (2d Cir. 2001) (citing *Lama Holding Co. v. Smith Barney, Inc.*, 88 N.Y.2d 413, 421, 646 N.Y.S.2d 76, 668 N.E.2d 1370 (1996)). The elements of a fraudulent misrepresentation claim are the same. *See Fax Telecommunicaciones Inc. v. AT & T*, 138 F.3d 479, 490 (2d Cir.1998) (citations omitted).

■ Plaintiffs' fifth cause of action tracks the first and second causes of action under N.Y. Gen. Bus. Law § 349. In essence, Plaintiffs allege (1) fraud in the inducement to enter into contractual relations with Defendants and (2) fraud in the inducement to purchase certain securities. For the same reasons set forth with re-

---

**10.** In the alternative, for the same reasons set forth above with respect to Plaintiffs' first cause of action, Plaintiffs' third cause of action does not refer to conduct undertaken "in connection with" the sale of covered securities.

spect to the first and second causes of action, the Court dismisses Plaintiffs'· fifth cause of action with prejudice to the extent that it alleges the latter form of fraud. However, Plaintiffs' fifth cause of action is not preempted to the extent that it alleges fraud in the inducement to enter into a business relationship with Defendants.

### d. Sixth cause of action: negligence and negligent supervision.

■ Plaintiffs' sixth cause of action alleges negligence and negligent supervision on the part of Defendants' management. " 'Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach.' " *Lombard v. Booz–Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir.2002) (citing *Merino v. New York City Transit Auth.*, 218 A.D.2d 451, 639 N.Y.S.2d 784, 787 (N.Y.App.Div. 1996) (other citation omitted)). The elements of a negligent supervision claim are substantially the same, *see, e.g., Perry v. Burger King Corp.*, 924 F.Supp. 548, 552 (S.D.N.Y.1996) (citation omitted), and neither involves a showing of misrepresentations or omissions.

Plaintiffs' sixth cause of action essentially alleges that Defendants' management knew or should have known about various wrongful acts by its employees and failed to take appropriate preventive or remedial action. Again, this claim alleges no misrepresentations or omissions and is only tangentially related to the purchase or sale of specific securities. Accordingly, the Court finds that SLUSA does not preempt Plaintiffs' sixth cause of action.

### D. Disposition

The Court finds that removal was proper because this Court has subject matter jurisdiction under SLUSA with respect to

some of Plaintiffs' claims, and, thus, the Court may properly exercise supplemental jurisdiction over Plaintiffs' remaining state law claims. *See* 28 U.S.C. § 1367(a). The Court therefore denies Plaintiffs' motion to remand the action to state court. Since dismissal of the claims to which SLUSA applies is mandatory, the Court grants Defendants' motion to dismiss with respect to Plaintiffs' second cause of action and part of Plaintiffs' fifth cause of action and denies Defendants' motion with respect to those claims that SLUSA does not preempt. Finally, because no federal claims remain, the Court dismisses the remaining state law causes of action that are not preempted by SLUSA without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Plaintiffs' motion to remand this action to state court is **DENIED**; and the Court further

**ORDERS** that Defendants' motion to dismiss is **GRANTED** with respect to Plaintiffs' second cause of action; and the Court further

**ORDERS** that Defendants' motion to dismiss is **GRANTED** with respect to Plaintiffs' fifth cause of action to the extent that it concerns misrepresentations made in connection with the purchase or sale of covered securities, as set forth above; and the Court further

**ORDERS** that Defendants' motion to dismiss is **DENIED** with respect to the remainder of Plaintiffs' causes of action, including Plaintiffs' fifth cause of action to the extent that it concerns misrepresentations as to the services promised by Defen-

dants, as set forth above; and the Court further

**ORDERS** that the remainder of Plaintiffs' claims, which SLUSA does not preempt, are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**