# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3744

_____

| | | |
|---|---|---|
| Professional Management Associates, Inc. Employees' Profit Sharing Plan, on behalf of itself and all others similarly situated, | * * * * | |
| | * | Appeal from the United States |
| Appellant, | * | District Court for the District |
| | * | of Minnesota. |
| v. | * | |
| | * | |
| KPMG  LLP, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  May 15, 2003

Filed:  July 14, 2003

_____

Before LOKEN, Chief Judge, FAGG and MURPHY, Circuit Judges.

_____

FAGG, Circuit Judge.

The Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. §§ 77p(b)-(c), 78bb(f)(1)-(2) (2000), provides for removal to federal court and immediate dismissal of certain class actions based on state law alleging an untrue statement or omission of a material fact made in connection with the purchase or sale of a covered security.  See Dudek v. Prudential Sec., Inc., 295 F.3d 875, 877 & n.1 (8th Cir. 2002). Professional Management Associates, Inc. Employees' Profit Sharing

Plan (PMA), a holder of Green Tree Financial Corporation stock, brought this class action in Minnesota state court against KPMG LLP, an independent auditing and accounting firm that reviewed Green Tree's financial statements. After KPMG removed the action to federal district court, PMA amended its complaint alleging state law claims for violations of the Minnesota Consumer Fraud Act, for aiding and abetting a breach of fiduciary duty of disclosure under Delaware law, and for violations of the common law doctrines of negligence and negligent misrepresentation. PMA alleged that KPMG made or assisted in making misrepresentations or omissions of material fact about Green Tree as early as 1994, before class investors purchased Green Tree shares. KPMG moved to dismiss the amended complaint under SLUSA, and PMA moved to remand. The district court[*] concluded PMA's first amended complaint implicitly alleged misrepresentations and omissions in connection with the purchase of a covered security, and dismissed the complaint under SLUSA. PMA appeals the dismissal and the district court's denial of PMA's request for leave to file a second amended complaint. We affirm.

On appeal, PMA contends the first amended complaint does not implicitly allege any misrepresentation in connection with the sale or purchase of a security. We disagree. According to PMA's first amended complaint, beginning in 1994 and continuing through 1997, Green Tree made material false statements and omissions about its financial condition. KPMG allegedly aided and abetted Green Tree in making these statements and omissions and made its own material false statements and omissions in its audit reports on Green Tree's 1994-96 financial statements. PMA later bought and held shares of Green Tree stock "from time to time during the Class Period" of January 30, 1996 to January 27, 1998. First Amended Complaint ¶¶ 19, 1. "As a direct result of Green Tree's false and misleading financial statements, and KPMG's false reports thereon, [PMA] and class members . . . bought and retained

_____

[*]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

-2-

their Green Tree shares, and did not sell their shares, in the belief that said shares were properly valued in the market and without knowledge that Green Tree's earnings and the value of Green Tree's assets and shareholder equity were substantially less that Green Tree reported them to be . . . ." Id. ¶ 466. PMA allegedly suffered damages when the truth about Green Tree's past financial performance was disclosed and its artificially-inflated share price began to fall.

The allegations in PMA's first amended complaint place it squarely within SLUSA's parameters. Because PMA alleges misrepresentations and omissions of material fact beginning in 1994 and the class investors bought and held their shares later, PMA's complaint implicitly alleges the misrepresentations and omissions were made in connection with the purchase of securities and thus SLUSA requires dismissal. We have previously held the allegation that misconduct caused a plaintiff to invest in inappropriate securities is a claim in connection with the purchase or sale of a covered security for purposes of SLUSA preemption. Dudek, 295 F.3d at 878-79. Further, we have stated SLUSA governs when a complaint "can reasonably be read as alleging a . . . purchase of a covered security made in reliance on the allegedly faulty information provided to [the plaintiff] and to putative class members by [the defendant]." Green v. Ameritrade, Inc., 279 F.3d 590, 598 (8th Cir. 2002). PMA cannot avoid preemption by asserting it is only claiming damages suffered as a result of holding its stock. See Zoren v. Genesis Energy L.P., 195 F. Supp. 2d 598, 604 (D. Del. 2002). SLUSA's "in connection with" requirement, 15 U.S.C. §§ 77p(b), 78bb(f)(1), is not limited to cases involving damages claimed as a result of the purchase or sale of securities. Instead, SLUSA applies to any covered class action alleging an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security. Id. §§ 77p(b)-(c), 78bb(f)(1)-(2).

PMA also contends we should remand its negligence claim because there is no allegation of a misrepresentation or omission in connection with it. PMA's allegations regarding KPMG's misrepresentations and omissions are incorporated by

-3-

reference in the negligence count, however.  First Amended Complaint ¶ 495; <u>Prager</u> <u>v. Knight/Trimark Group, Inc.</u>, 124 F. Supp. 2d 229, 235 (D.N.J. 2000).  Because PMA's negligence claim is essentially a securities fraud claim, SLUSA governs. <u>Dudek</u>, 295 F.3d at 879-80.

PMA next asserts the district court committed error in applying SLUSA retroactively to pre-enactment conduct.  SLUSA was enacted on November 3, 1998, and the "effective date" note appended to § 77p states it does not "apply to any action commenced before and pending on the date of [its] enactment."  Although the complaint in this case was filed more than three years later, PMA argues the statute applies retroactively because the challenged conduct occurred before SLUSA became law.  The mere fact that the challenged conduct occurred before the statute's enactment does not mean the statute operates retroactively, however.  <u>Landgraf v. USI Film Prods.</u>, 511 U.S. 244, 269 (1994).  There is generally no retroactivity concern when a new procedural rule goes into effect after a cause of action accrues, but before filing of a lawsuit based on pre-enactment conduct.  <u>Id.</u> at 275.  "Because rules of procedure regulate secondary rather than primary conduct, the fact that a new procedural rule [is] instituted after the conduct giving rise to the suit does not make application of the rule [] retroactive."  <u>Id.</u>

Here, the relevant conduct regulated by the statute is secondary conduct, the filing of the lawsuit, not the primary, allegedly illegal pre-enactment conduct.  <u>Gray</u> <u>v. Seaboard Sec., Inc.</u>, 241 F. Supp. 2d 213, 218 (N.D.N.Y. 2003); <u>see</u> <u>Landgraf</u>, 511 U.S. at 291 (Scalia, J. concurring).  The statute simply establishes a procedural rule regarding the filing of class action lawsuits alleging securities fraud, so no retroactivity analysis is warranted.  <u>Gray</u>, 241 F. Supp. 2d at 217.  We thus conclude SLUSA applies to all actions commenced after its enactment, even if the challenged conduct predates SLUSA.  <u>Id.</u> at 217-18.  Applying a retroactivity analysis, we reach the same conclusion.  <u>W.R. Huff Asset Mgmt. Co. v. Kohlberg Kravis Roberts & Co.</u>, 234 F. Supp. 2d 1218, 1221-26 (N.D. Ala. 2002).  Because the complaint in this case

was filed more than three years after SLUSA's enactment, SLUSA applies to this action.

Last, the district court did not commit error in denying PMA's "request" for leave to file a second amended complaint. Local Rule 15.1 of the District of Minnesota required PMA to file and serve a motion and attach a copy of the proposed amended pleading. PMA did not do so. Instead, PMA merely inserted a request to file another amended complaint in its brief appealing from the magistrate judge's report and recommendation. Given these circumstances, the district court did not abuse its discretion in denying PMA leave to file a second amended complaint. Dudek, 295 F.3d at 880. Amendment would be futile anyway. Wiles v. Capitol Indemnity Corp., 280 F.3d 868, 871 (8th Cir. 2002) (leave to amend should be denied when proposed amendment would be futile). In another action, the same district court dismissed the same complaint PMA sought leave to file.

We thus affirm the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-