# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1935

_____

Professional Management     *
Associates, Inc. Employee's Profit     *
Sharing Plan, on behalf of itself and     *
all others similarly situated,     *
    *
         Appellee,     *
    *
      v.     *
    *
KPMG LLP,     *
    *
         Appellant.     *

Appeals from the United States
District Court for the District
of Minnesota.

_____

No. 03-1936

_____

[PUBLISHED]

Professional Management     *
Associates, Inc. Employee's Profit     *
Sharing Plan, on behalf of itself and     *
all others similarly situated,     *
    *
         Appellant,     *
    *
      v.     *
    *
KPMG LLP,     *
    *
         Appellee.

_____

Submitted:   September 4, 2003

Filed:   October 3, 2003
_____

Before LOKEN, Chief Judge, FAGG and MURPHY, Circuit Judges.
_____

PER CURIAM.

Professional Management Associates, Inc. Employees' Profit Sharing Plan (PMA), a holder of Green Tree Financial Corporation stock, brought an action (PMA I) against KPMG LLP, an auditing and accounting firm that reviewed Green Tree's financial statements.  The district court concluded the Securities Litigation Uniform Standards Act of 1998 (SLUSA), 15 U.S.C. §§ 77p(b)-(c), 78bb(f)(1)-(2) (2000), required dismissal of the claims in PMA's first amended complaint. The district court also denied PMA's request for leave to file a second amended complaint.  After the district court denied leave to amend and entered a final judgment, but before PMA appealed, PMA filed another lawsuit (PMA II) against KPMG using the proposed amended complaint the district court had denied leave to file in PMA I.  The district court dismissed the complaint as barred by SLUSA, and summarily denied KPMG's request for sanctions under Fed. R. Civ. P. 11(b).

The appeal in PMA I later reached us, and we affirmed. Professional Magt. Assocs. v. KPMG, 335 F.3d 800, 804 (8th Cir. 2003).  We upheld the dismissal of PMA's claims under SLUSA. Id. at 803-04.  We also concluded the district court did not abuse its discretion in denying leave to amend, stating amendment would have been futile because PMA had already filed the proposed second amended complaint in the new action (PMA II) and the same district court had dismissed it under SLUSA. Id. at 804.

-2-

In this appeal in the new action (PMA II), KPMG challenges the order denying its motion for sanctions under Rule 11(b) (permitting imposition of sanctions when claims in pleadings are not "warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law"). See also 15 U.S.C. § 78u-4(c)(2) ("court shall impose sanctions" for violations of Rule 11 in actions arising under SLUSA). KPMG contends this lawsuit is frivolous because a reasonable inquiry into the lawsuit's basis shows res judicata bars the action. We agree.

Under res judicata, a judgment on the merits in an earlier lawsuit bars a second suit involving the same parties based on the same cause of action. Landscape Props., Inc. v. Whisenhunt, 127 F.3d 678, 682 (8th Cir. 1997). PMA admits the complaint in PMA I involved the same claims and the same parties as this action, and "the complaint in this action is the same as the proposed complaint that [PMA] filed in connection with the motion for leave to amend" in PMA I, which the district court denied. KPMG App. at 434 n.1 (PMA's memorandum in support of motion to remand). Because the same parties and claims are involved in both cases, we need only decide whether the denial of the motion to amend was a judgment on the merits. We conclude that it was.

The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action. Landscape Props., 127 F.3d at 683. "[D]enial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." King v. Hoover Group, Inc., 958 F.2d 219, 222-23 (8th Cir. 1992). This is so even when denial of leave to amend is based on reasons other than the merits, such as timeliness. Northern Assurance Co. v. Square D Co., 201 F.3d 84, 88 (2d Cir. 2000); Poe v. John Deere Co., 695 F.2d 1003, 1107 (8th Cir. 1982). Thus, the fact that the district court denied leave to amend because of PMA's noncompliance with procedural rules is irrelevant. The denial is a judgment on the merits of the claims in the proposed

amended pleading. Thus, the denial of leave to amend in <u>PMA I</u> bars the filing of the same pleading in this lawsuit.

As for the Rule 11 issue, we have held a district court abuses its discretion by refusing to sanction a plaintiff and his counsel under Rule 11 for filing and maintaining a frivolous lawsuit when the plaintiff seeks to relitigate claims he had been denied leave to serve against the same defendant in an earlier lawsuit. <u>King</u>, 958 F.2d at 223; <u>see also</u> <u>Landscape Props.</u>, 127 F.3d at 683 (affirming award of Rule 11 sanctions in same circumstances). Given the well-settled law of res judicata under the circumstances in this case, PMA's counsel should have known <u>PMA II</u> was barred by <u>PMA I</u>. <u>King</u>, 958 F.2d at 223. The district court thus abused its discretion in declining to sanction PMA. <u>Id.</u>

In its cross appeal, PMA challenges dismissal of this action under SLUSA. Having decided the action is barred by res judicata, we conclude dismissal was proper. Even if res judicata did not apply, we agree with the district court that SLUSA requires dismissal. Further, the district court did not abuse its discretion by denying PMA relief under Fed. R. Civ. P. 59(e) (motion to alter or amend judgment). See <u>Comsat Corp. v. St. Paul Fire & Marine Ins. Co.</u>, 246 F.3d 1101, 1105 (8th Cir. 2001). In support of its Rule 59(e) motion, PMA merely reasserted positions the district court had already rejected.

In sum, we reverse on the appeal and remand for imposition of sanctions, but affirm on the cross appeal.

_____