**In re NASH FINCH CO. SECURITIES LITIGATION**

**This document relates to: All Actions**

**No. 02–CV–4736 JMRFLN.**

United States District Court, D. Minnesota.

Oct. 6, 2004.

Christopher P. Seefer, Connie M. Cheung, Reed R. Kathrein, Lerach Coughlin Stoia & Robbins, San Francisco, CA, Darren J. Robbins, Randall H. Steinmeyer, William S. Lerach, Lerach Coughlin Stoia & Robbins, San Diego, CA, Garrett D. Blanchfield, Jr., Reinhardt Wendorf & Blanchfield, St. Paul, MN, Paul J. Geller, Geller Rudman, Boca Raton, FL, Vernon Jay Vander Weide, Head Seifert & Vander Weide, Mpls., MN, for Plaintiffs.

Andrew S. Hansen, Bret A. Puls, Heidi A. O. Fisher, Michael J. Bleck, Oppenheimer Wolff & Donnelly, Mpls., MN, for Defendants.

## ORDER

ROSENBAUM, Chief Judge.

■ The Court dismissed this case on June 22, 2004. Plaintiffs now move for reconsideration, asking the Court to vacate its judgment and grant leave to amend the complaint, pursuant to Federal Rules of Civil Procedure 59(e) and 15.

This motion is a knowing sophistry. Plaintiffs know there is no basis for the Court to amend or alter the judgment; they simply want the Court to reconsider its decision denying leave to amend. As such, their motion is nothing more than a motion to reconsider. *BBCA, Inc. v. United States*, 954 F.2d 1429, 1431–32 (8th Cir.1992) ("[T]he substance of a motion rather than the form of a motion is controlling."). Motions to reconsider are subject to the procedure set out in Local Rule 7.1(g):

> Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and responses to such requests, shall be made by letter to the Court . . . .

Plaintiffs have not asked for permission to seek reconsideration. As a result, they have not complied with the District of Minnesota's Local Rules. The motion is therefore a nullity.[1]

■ But even if this motion were properly before the Court, it would be denied.[2] A motion under Rule 59(e) serves an extremely limited function: to correct manifest errors of law or fact. *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988). The motion can also be used to offer newly discovered evidence, but not if the evidence could and should have been offered before the entry of judgment. *Id.*

Plaintiffs apparently claim the Court made a manifest error of law by finding it would be futile to grant leave to amend the complaint. Plaintiffs' purported prior request for leave to amend was encompassed in the final sentence of their opposition to the motion to dismiss. The sentence said, "If any part of defendants' motion is granted, plaintiffs respectfully request leave to amend." [3]

That was their entire "motion" for leave to amend. Plaintiffs failed to offer proposed amendments, or any additional in-

---

1. A properly filed request for leave to file a motion to reconsider under Local Rule 7.1(g) tolls the time for appeal. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir.1999). It appears to be an open question whether an improperly filed motion does so as well. *But cf. id.* at 1002 n. 1 (hinting, but not holding, that Local Rule 7.1(g) does not apply to motions made within ten days after entry of judgment).

2. Accordingly, there would be no need to consider plaintiffs' motion under Rule 15. *Dorn v. State Bank of Stella*, 767 F.2d 442, 443 (8th Cir.1985) ("After a complaint is dismissed, the right to amend under [Rule] 15(a) terminates.").

3. Plaintiffs provided two cites supporting their original request: *In re K–tel Int'l*, 300 F.3d 881, 899, 910 n. 23 (8th Cir.2003) and *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–53 (9th Cir.2003). These cites were, to put it mildly, unhelpful. The main portion of *K–tel Int'l* cited by plaintiffs actually appears in Judge Murphy's dissent from the decision to affirm the district court's denial of leave to amend, a fact plaintiffs either ignored or chose to disregard. As for the Ninth Circuit case, the Eighth Circuit has explicitly repudiated Ninth Circuit precedent on the subject of motions for leave to amend. *See, e.g., Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir.1983) ("We decline to adopt the Ninth Circuit's position.").

formation in support thereof, as required by Local Rule 15.1 and controlling case law.[4] *See* Local Rule 15.1 ("A party who moves to amend a pleading ... shall attach a copy of the amended pleading ...."); *Clayton v. White Hall School Dist.*, 778 F.2d 457, 460 (8th Cir.1985) ("[I]n order to preserve the right to amend the complaint, a party must submit the proposed amendment along with its motion."); *Wolgin v. Simon*, 722 F.2d 389, 395 (8th Cir.1983) ("We hold that to preserve the right to amend a complaint a party must submit a proposed amendment along with its motion."); *Prof'l Management Assocs., Inc. v. KPMG LLP*, 335 F.3d 800, 804 (8th Cir.2003); *Brandt v. Davis*, 191 F.3d 887, 893 (8th Cir.1999).

Thus, no motion for leave to amend was ever properly before the Court. Under these circumstances, it appears to have been error for the Court to have considered plaintiffs' request for leave to amend at all. Further, any grant of leave would have been futile. Although plaintiffs have now—post-judgment and for the first time—supplemented the record with "evidence" from five confidential witnesses, the Court "was not required to engage in a guessing game" as to the existence of additional evidence plaintiffs might choose later to reveal.[5] *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 914 (8th Cir.2002). The Court could only consider the information plaintiffs had actually submitted when it made its decision, and at that point, plaintiffs had not shared any additional information or proposed any amendments to bolster their complaint.

Even at this late hour, the Court discerns no newly discovered evidence. The allegations in the current motion were known to plaintiffs long before judgment was entered. Plaintiffs' counsel acknowledges access to this confidential witness information after August 21, 2003. (Pl. memo. at 4.) Plaintiffs' opposition memorandum—containing the defective allusion to a request for leave to amend—was signed by plaintiffs' counsel a full three weeks later, on September 10, 2003. And the hearing on the motion to dismiss did not take place until another five months had passed, on February 13, 2004.

Thus, plaintiffs had months to either bring this information to the Court's attention or seek leave to amend their submissions in opposition to the motion to dismiss. Plaintiffs have offered no valid explanation for their failure to do so.[6] Plaintiffs' "motion" is, finally, nothing more than a request to be allowed to sandbag the defense. *See Johnson v. Chater*, 108 F.3d 942, 945–46 & n. 3 (8th

---

4. Local Rule 15.1 was amended effective May 17, 2004, but the quoted language appears in both the old and new versions of the Rule.

5. Plaintiffs argue that their oral argument statement that they had interviewed Nash Finch employees "should have alerted the Court to the probability that plaintiffs could amend to plead witness sources." (Pl. memo. at 2–3.) Setting aside the fact that this oral argument was entirely dehors the record and any submitted brief, the argument is silly. In the absence of any indication of what these potential "witness sources" would say, the Court would only be able to engage in rank conjecture as to any potential basis on which to grant leave to amend.

6. Plaintiffs' only argument seems to be that they were being careful not "to prematurely plead specific facts about confidential witnesses." (Pl. memo. at 3.) This argument is specious. Indeed, the Second Circuit case they proffer on the point, *Novak v. Kasaks*, 216 F.3d 300, 313 (2d Cir.2000), does not support their cause. *Novak* says that plaintiffs need not reveal their confidential informants' *identities* in order to plead fraud with specificity. *Id.* *Novak* itself takes pains to note that plaintiffs are still obligated to plead the facts alleged by the confidential witnesses. *Id.* This the plaintiffs entirely failed to do.

Cir.1997). Notwithstanding the "World Series of Poker," the Court declines to play.

For the foregoing reasons, IT IS ORDERED that:

Plaintiffs' motion to vacate the judgment and grant leave to amend [Docket No. 43] is denied.