*915 PER CURIAM.
LaSalle Bank offered custodial accounts that clients used to invest in securities. If an account had a cash balance at the end of a day, the cash would be invested in (“swept” into) a mutual fund from a list that the client chose. LaSalle Bank would sell the mutual fund shares automatically when the customer needed the money to make other investments or wanted to withdraw cash. Stephen Richek, as trustee under the Seymour Richek Revocable Trust, opened a custodial account with a sweeps feature. (The current trustee is Margaret Richek Goldberg; for the sake of continuity we continue to refer to the investor and plaintiff as Richek.) Richek was satisfied with LaSalle’s services until it was acquired by Bank of America. After the acquisition, Bank of America notified the clients that a particular fee was being eliminated. Richek, who had not known about the fee, then sued in state court, contending that LaSalle had broken its contract (which had a schedule that did not mention this fee) and violated its fiduciary duties. Richek proposed to represent a class of all customers who had custodial accounts at LaSalle. (Because LaSalle became a subsidiary of Bank of America, and now operates under its name, we refer from now on to “the Bank,” which covers both institutions.)
The Bank removed the suit to federal court, relying on the Securities Litigation Uniform Standards Act of 1998 (SLUSA or the Litigation Act), 15 U.S.C. § 78bb(f). (Section 78bb is part of the Securities Exchange Act of 1934. The Litigation Act added similar language to the Securities Act of 1933. See 15 U.S.C. § 77p(b). The Bank is not an issuer or underwriter covered by the 1933 Act, so we refer to § 78bb(f).) SLUSA authorizes removal of any “covered class action” in which the plaintiff alleges “a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security” (§ 78bb(f)(l)(A)). The statute also requires such state-law claims to be dismissed. The district court held that Ri-chek’s suit fits the standards for both removal and dismissal and entered judgment in the Bank’s favor. 2011 U.S. Dist. Lexis 86105 (N.D. Ill. Aug. 4, 2011). ' ■
According to the complaint, some mutual funds paid the Bank a fee based on the balances it transferred, and the Bank did not deposit these fees in the custodial accounts or notify customers that it was retaining them. The Bank’s retention of these payments is economically equivalent to a secret fee collected from the accounts, because they contained less money than they would have had the Bank credited them with the fees paid by the mutual funds—fees derived from the custodial accounts themselves. Richek contends that the Bank thus kept for its own benefit fees exceeding those in the contractual schedule, without disclosure to its customers.
Richek’s claim depends on the omission of a material fact—that some mutual funds paid, and the Bank kept, fees extracted from the “swept” balances. He concedes that his suit is a “covered class action” (the class has more than 50 members; see § 78bb(f)(5)(B)(i)(I)) and that each of the mutual funds is a “covered security” (see § 78bb(f)(5)(E)). The Bank’s omission was in connection with a purchase or sale of a “covered security”. See Merrill Lynch, *916 Pierce, Fenner & Smith Inc. v. Dabit, 547 U.S. 71, 126 S.Ct. 1503, 164 L.Ed.2d 179 (2006). Chadbourne & Parke LLP v. Twice, — U.S.-, 134 S.Ct. 1058, 188 L.Ed.2d 88 (2014), does not affect this conclusion, because customers were dealing directly with covered investment vehicles. (Twice holds that the Litigation Act does not apply when the customer invests in an asset that does not consist of, or contain, covered securities.) Because “[n]o covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party” (§ 78bb(f)(l)) when these conditions have been met, the district court’s decision is unexceptionable.
According to Richek, the Bank’s omission is outside the scope of the Litigation Act because it does not involve the price, quality, or suitability of any secuiity. But the Litigation Act does not say what kind of connection must exist between the false statement or omission and the purchase or sale of a security; the statute asks only whether the complaint alleges “a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security”. Richek’s complaint alleged a material omission in connection with sweeps to mutual funds that are covered securities; no more is needed.
Apparently Richek believes that only statements (or omissions) about price, quality, or suitability are covered by the federal securities laws, and that only state-law claims that overlap winning securities claims are affected by the Litigation Act. This is doubly wrong. First, Dabit holds that claims that arise from securities transactions are covered whether or not the private party could recover damages under federal law. (In Dabit itself no private right of action for damages was possible, yet the Court held the claim covered and preempted.) Second, the Securities Exchange Act of 1934 forbids material misrepresentations and omissions in connection with securities transactions whether or not the misrepresentation or omission concerns the price, quality, or suitability of the security. See, e.g., SEC v. Zandford, 535 U.S. 813, 122 S.Ct. 1899, 153 L.Ed.2d 1 (2002); United States v. Naftalin, 441 U.S. 768, 99 S.Ct. 2077, 60 L.Ed.2d 624 (1979). Thus Richek may have had a good claim under federal securities law. But he chose not to pursue it, and SLUSA prevents him from using a state-law theory instead.
We said earlier that Richek concedes that his claim rests on a material omission and that the mutual funds are covered securities. He does not concede that the omission was “in connection with” the purchase or sale of a covered security. This branch of his argument rests on Gavin v. AT&T Corp., 464 F.3d 634 (7th Cir. 2006). We reject Richek’s contention for the reasons given in Holtz v. JPMorgan Chase Bank, N.A., No. 13-2609 (7th Cir. Jan. 23, 2017), 846 F.3d 928, 933-34, 2017 WL 279499.
Richek also maintains that his action rests on state contract law and state fiduciary law, not securities law. This line of argument, too, is addressed and rejected in Holtz, which holds that if a claim could be pursued under federal securities law, then it is covered by the Litigation Act even if it also could be pursued under state contract or fiduciary law. A claim that a fiduciary that trades in securities for a customer’s account has taken secret side payments is well inside the bounds of securities law. See Holtz, 846 F.3d 928, 930-33.
Affirmed