**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3585
_____


ALEX TAKSIR;
ORIT TAKSIR, on behalf of all others similarly situated

v.

THE VANGUARD GROUP,
                                        Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 2-16-cv-05713)
District Judge:  Hon. Cynthia M. Rufe

Argued:  June 14, 2018
_____


Before: SMITH, <u>Chief Judge</u>, CHAGARES, and FUENTES,
<u>Circuit Judges</u>

(Filed:  September 4, 2018)

Stuart T. Steinberg, Esq. **[ARGUED]**
Selby P. Brown, Esq.
Ellen L. Mossman
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104

       Counsel for Appellant


Christopher L. Nelson, Esq. **[ARGUED]**
James M. Ficaro, Esq.
The Weiser Law Firm, P.C.
22 Cassatt Avenue, First Floor
Berwyn, PA 19312

Samuel L. Rosenberg
15 Astor Place
Monsey, New York 10952

       Counsel for Appellees

_____

OPINION
_____


CHAGARES, Circuit Judge.

In this matter, we consider whether the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), 15

U.S.C. § 78bb, bars investors' claims that their broker overcharged them and similarly situated plaintiffs for the execution of certain securities transactions. The broker — the Vanguard Group ("Vanguard") — appeals the partial denial of its motion to dismiss the claims against it and the denial of its motion for reconsideration. For the reasons stated below, we conclude that SLUSA does not bar the relevant claims. Therefore, we will affirm.

## I.

Vanguard is an investment services company that offers retail securities brokerage accounts to consumers. At all relevant times, its website stated that Vanguard offered a price of "$2 commissions for stock . . . trades" for customers who maintained a balance in Vanguard accounts between $500,000 and $1,000,000. Joint Appendix ("J.A.") 86. In May 2016, Alex and Orit Taksir ("the Taksirs"), whose holdings met the required balance threshold, availed themselves of Vanguard's services to make two purchases of Nokia Corporation stock. Vanguard charged the Taksirs a $7 commission for each of their respective purchases. Alex Taksir then contacted Vanguard in order to receive an explanation and refund. Vanguard responded by email, noting in relevant part that the Taksirs' accounts "are not eligible for discounts for trading stocks and other brokerage securities because of IRS nondiscrimination rules" and that "[u]nfortunately, this information is not listed on the Vanguard Brokerage Commission and Fee Schedule." J.A. 88 (emphasis omitted). Following additional correspondence from Alex Taksir, Vanguard reiterated its position that the accounts were not eligible for the $2 per-trade commission. Nevertheless, six weeks later, Orit Taksir acquired additional Nokia Corporation

3

stock in the same Vanguard account and was charged only a $2 commission.

The Taksirs came to believe that Vanguard was overcharging sales commissions to clients meeting certain balance thresholds.  The Taksirs filed the instant lawsuit in the United States District Court for the Eastern District of Pennsylvania, bringing a putative class action for:  (1) "fraud or deception" under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. & Cons. Stat. § 201-1 to 201-9.3; and (2) breach of contract under Pennsylvania state law.   Thereafter, Vanguard moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on two grounds:  (1) that the SLUSA bars both claims; and (2) that the UTPCPL claim fails for an additional reason, which is not relevant to this appeal.  The District Court concluded that SLUSA did not bar the claims, but dismissed the UTPCPL claim on other grounds.  The District Court denied Vanguard's motion to dismiss with respect to the breach of contract claim.

Vanguard moved for reconsideration and alternatively sought leave to file an interlocutory appeal.  The District Court denied the motion for reconsideration but certified its opinion and order for our immediate review.  This Court granted the petition for leave to appeal.

II.

The District Court had jurisdiction pursuant to SLUSA, 15 U.S.C. § 78bb(f), and 28 U.S.C. § 1332.  We exercise jurisdiction over this interlocutory appeal under 28 U.S.C. § 1292(b).  We review de novo the District Court's decision on

4

a motion to dismiss, McTiernan v. City of York, 577 F.3d 521, 526 (3d Cir. 2009), and "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them," Fellner v. Tri-Union Seafoods, LLC, 539 F.3d 237, 242 (3d Cir. 2008).

III.

Vanguard argues that the District Court erred by concluding that SLUSA does not bar the Taksirs' claim for breach of contract.  The relevant portion of the statute provides:

> No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging – (A) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security. . . .

15 U.S.C. § 78bb(f)(1).  It is Vanguard's contention that the Taksirs "seek to do precisely what SLUSA forbids" by bringing "state law class action claims alleging that Vanguard misrepresented the fee that it charged them . . . to buy and sell covered securities."  Vanguard Br. 7.  Thus, at issue is whether the overcharge constitutes "a misrepresentation . . . in connection with the purchase or sale of a covered security."  15 U.S.C. § 78bb(f)(1)(A).

The Supreme Court has addressed the meaning of "in connection with" in two relevant opinions.  In Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit, the Court embraced a seemingly broad interpretation of the phrase.  547 U.S. 71

5

(2006). It noted that "[u]nder our precedents, it is enough that the fraud alleged 'coincide' with a securities transaction — whether by the plaintiff or by someone else." Id. at 85. More recently, in Chadbourne & Parke LLP v. Troice, the Court asked rhetorically whether the meaning of "in connection with" "extend[s] further than misrepresentations that are material to the purchase or sale of a covered security." 571 U.S. 377, 386–87 (2014). It concluded that "the scope of this language does not extend further," holding that "[a] fraudulent misrepresentation or omission is not made 'in connection with' . . . a 'purchase or sale of a covered security' unless it is material to a decision by one or more individuals (other than the fraudster) to buy or to sell a 'covered security.'" Id. at 397. Responding to the dissent's position that the Troice rule improperly altered Dabit, the majority replied:

> [I]n . . . Dabit . . . we held that [SLUSA] precluded a suit where the plaintiffs alleged a 'fraudulent manipulation of stock prices' that was material to and "coincide[d] with" third-party securities transactions, while also inducing the plaintiffs to 'hold their stocks long beyond the point when, had the truth been known, they would have sold.' We do not here modify Dabit.

Id. (fifth alteration in original) (emphasis added) (citation omitted) (quoting Dabit, 547 U.S. at 75, 85, 89). The majority later continued:

> Although the dissent characterizes our approach as "new," . . . it cannot escape the fact that every case it cites involved a victim who took, tried to take, or maintained an ownership position in the

6

statutorily relevant securities through "purchases" or "sales" <u>induced by the fraud</u>.

<u>Id.</u> at 389 (emphasis added). Thus, the Supreme Court in <u>Troice</u> made clear that: (1) materiality is relevant to the analysis of SLUSA's prohibitive scope; and (2) <u>Troice</u> clarifies — rather than modifies — <u>Dabit</u>. Nevertheless, the crux of Vanguard's argument is that the District Court erred by relying on <u>Troice</u> instead of <u>Dabit</u>.

A.

Vanguard first argues that <u>Troice</u> is inapplicable because it "dealt with an issue not relevant here," namely, "the purchase or sale of <u>uncovered</u> securities." Vanguard Br. 19. Although the fact that the securities in <u>Troice</u> were uncovered was centrally relevant to that decision, that does not make the case inapplicable. The <u>Troice</u> Court specified that it reached its conclusion, in part, because "a natural reading of [SLUSA's] language" supports the interpretation that the "in connection with" standard requires "a connection that matters." <u>Troice</u>, 571 U.S. at 387. The Court continued, noting that the relevant connection did not matter for its purposes, because the securities were uncovered; however, the Court recognized other reasons that a connection might not matter. <u>Id.</u> at 388 (noting, for example, that there is no connection that matters where "the only party who decides to buy or sell a covered security as a result of a lie is the liar"). The Supreme Court in <u>Troice</u> did not limit its reasoning to the uncovered/covered distinction, and we will not do so here.

Vanguard also argues that the Courts of Appeals for the Seventh, Eighth, and Ninth Circuits have concluded that <u>Troice</u>

7

did not supplant Dabit's interpretation of the "in connection with" standard. Vanguard Br. 20–21; Vanguard Reply Br. 3–4. As noted above, this is correct — the Court in Troice expressly noted that it was not modifying Dabit. However, Vanguard is incorrect that this fact prevents us from looking to Troice for guidance. Moreover, each of the appellate cases Vanguard cites is distinguishable from the instant case. Each involves the direct breach of a duty that the broker owes customers pertaining to a securities transaction. See Goldberg v. Bank of Am., 846 F.3d 913, 915–16 (7th Cir. 2017) (per curiam) (concluding that SLUSA's "in connection with" standard was met where Bank of America took secret side payments from mutual funds that Bank of America traded, which should have been deposited in customers' accounts, and did not inform brokerage customers); Lewis v. Scottrade, Inc., 879 F.3d 850, 854–55 (8th Cir. 2018) (concluding that the standard was met where the broker did not meet its duty of best execution in trading securities); Fleming v. Charles Schwab Corp., 878 F.3d 1146, 1150 (9th Cir. 2017) (same as Lewis). The misconduct in those cases was plainly material to brokerage customers, and the connection between the misconduct and the transaction was much closer than the connection between the overcharges and trades at issue here.

In fact, the Courts of Appeals for the Seventh and Ninth Circuits have concluded that inflated commissions do not trigger the SLUSA bar. See Appert v. Morgan Stanley Dean Witter, Inc., 673 F.3d 609, 615–17 (7th Cir. 2012) (concluding that SLUSA does not bar a class action where the broker allegedly charged fees that were unfair); Fleming, 878 F.3d at 1153 (noting in dicta that "a claim that [the broker] charged Plaintiffs $10 for executing a trade, despite a contract providing for a $5 charge, would not be barred"). The

8

Vanguard brief's citation to Fleming is particularly unconvincing in light of this example — albeit in dicta — that SLUSA does not bar a case with almost identical facts to those in the instant case.

In short, Vanguard's arguments align with the dissent in Troice — incorrectly asserting that the majority's interpretation of "in connection with" differs from the Dabit interpretation of that phrase. The Troice majority expressly rejected this contention; thus, we must reject it here as well. Vanguard's submissions do not convince us to distinguish Troice, and in fact, the cited cases suggest that, under Dabit and Troice, the overcharges here would not trigger the SLUSA bar.

B.

We turn next to the issue of materiality. Vanguard argues that "even if Troice applied, SLUSA's 'in connection with' standard would still be met" because the District Court misapplied the rule of materiality by (1) treating it "the same as subjective reliance" and (2) "ruling as a matter of law that no reasonable investor would consider it important when deciding whether to buy or sell securities that he was allegedly being overcharged." Vanguard Br. 23. The Supreme Court has noted that "a misrepresentation or omission is 'material' if a reasonable investor would have considered the information significant when contemplating a statutorily relevant investment decision." Troice, 571 U.S. at 388 (citing Matrixx Initiatives, Inc. v. Siracusano, 563 U.S. 27, 37–40 (2011)).

We agree with the District Court's ultimate conclusion that a reasonable investor would not be swayed by the

overcharges on these facts. First, the District Court aptly distinguished <u>Goldberg</u> on grounds that, in that case, the money at issue was material "because it amounted to a 'secret side payment' deducted from the plaintiff's account on a near-daily basis." This contrasts with the limited, non-recurring commission fees at issue here. J.A. 60. We also agree with the distinction that the District Court drew between the instant case and the "best execution" cases, such as <u>Lewis</u> and <u>Fleming</u>. J.A. 62. We agree that, in cases where the alleged misrepresentation constitutes a breach of the duty of best execution, the "false promise to obtain the best available price" is material to brokerage customers, which is different from the incidental and low-value commission overcharges in this case. J.A. 62. In addition, we note that the reduced commissions were available only for customers with at least $500,000 invested in Vanguard accounts. In contrast with such significant investments, single-digit differences in trading commissions are objectively immaterial. Furthermore, as the District Court correctly noted, "a customer does not necessarily concede that a contractual term is 'material to' their securities transaction simply because they attempt to enforce it." J.A. 67.[1] For these reasons, the overcharges were not objectively material to the securities transactions.

C.

---

[1] We have reviewed Vanguard's Rule 28(j) letter on materiality, which cites two out-of-circuit district court cases in support of its contention that the overcharged commissions were material, and find the submission unconvincing. Notably, both of the cases predate <u>Troice</u>.

10

Finally, Vanguard argues that the Taksirs' contract claim is impermissible because, although asserted as sounding in contract, it is in fact a fraud claim barred by SLUSA. Vanguard Br. 29–32. In support of this contention, Vanguard relies on this Court's decision in Rowinski v. Salomon Smith Barney Inc., where we concluded that "[w]here . . . allegations of a material misrepresentation serve as the factual predicate of a state law claim, the misrepresentation prong is satisfied under SLUSA." 398 F.3d 294, 300 (3d Cir. 2005).

On appeal, the Taksirs emphasize that the overcharges are not the result of a material misrepresentation about securities transactions, but rather a contractual breach that is tangentially related to the securities transactions. They argue, "[h]ere, a 'misrepresentation' is not that which 'gives rise to liability' on the breach of contract claim. Rather, liability arises because Vanguard failed to perform its obligation under the contract, i.e., to charge what it said it would charge, and this precludes SLUSA's application." Taksirs Br. 9–10 n.6. It is not immediately clear whether Vanguard's actions constitute a misrepresentation. The website did not state that certain accounts are ineligible for the reduced commission fee. But because Vanguard charged the $2 reduced commission on Orit Taksir's second transaction, it would seem that the initial overcharges may have been in error and that the website correctly communicated that the Taksirs' accounts were eligible for the lower fee.

In Rowinski, we noted that "preemption does not turn on whether allegations are characterized as facts or as essential legal elements of a claim, but rather on whether the SLUSA prerequisites are 'alleged' in one form or another." 398 F.3d at 300. Because we have concluded that Vanguard's conduct

11

does not meet SLUSA's "in connection with" standard, those prerequisites are not alleged. In other words, even if the conduct were a misrepresentation, it is not a misrepresentation that is material or adequately connected to a securities transaction. Thus, the dispute over whether Vanguard's actions constitute misrepresentation or breach is irrelevant, and Rowinski does not alter our analysis.

D.

In conclusion, we rely on the Supreme Court's decisions in both Troice and Dabit, and we hold that the two overcharges of commissions do not have a "connection that matters" to the securities transactions at issue. We note that the facts of this case are in plain contrast to: (1) the breach of duties in executing trades of covered securities that triggered the SLUSA bar in Goldberg, Lewis, and Fleming; and (2) the fraudulent manipulation of stock prices in Dabit. The overcharges are different in nature from these examples of fraud, and they were not objectively material to the decision to purchase securities from Vanguard. Because the SLUSA bar does not apply, the Taksirs' breach of contract claim may proceed.

IV.

For the foregoing reasons, we will affirm the Orders of the District Court.

12