NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1461
_____

FITZROY POWELL,
on behalf of himself and others similarly situated,
Appellant

v.

ALDOUS & ASSOCIATES, P.L.L.C.;
JOHN DOES 1-25
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. Action No. 2-17-cv-03770)
District Judge:  Honorable Kevin McNulty
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 18, 2019
_____

Before: GREENAWAY, JR., SHWARTZ, PORTER, *Circuit Judges*.

(Opinion Filed: January 29, 2019)

_____

OPINION[*]
_____

GREENAWAY, JR., *Circuit Judge*.

This is a putative class action brought by Fitzroy Powell against the law firm Aldous & Associates, P.L.L.C. ("Aldous"). Powell alleges that the debt settlement letter Aldous sent him violated sections 1692e(3), (5), and (10) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e(3), (5), (10). In his view, the letter could confuse the least sophisticated consumer into believing that an attorney at Aldous was meaningfully involved, when none had been, and that Aldous was threatening legal action that it could not take and did not intend to take. The District Court granted Aldous' motion to dismiss on the grounds that the letter sufficiently disclaims meaningful attorney involvement and, when read in its entirety, does not threaten legal action or suggest that a suit is imminent. We will affirm.

## I.    Background

Aldous is a law firm in Utah that acts as a debt collector. In a letter dated January 21, 2017, Aldous sought to collect from Powell a debt owed to Diamond Wireless. In relevant part, the one page letter reads,

> The original creditor of this file, Diamond Wireless, has developed an "Amnesty Program," for seriously delinquent accounts.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Therefore, you will be permitted to clear your obligation on your past due amount by paying 50% of the Total Due to our office no later than April 15, 2017.

Amnesty Program amount to settle debt: $200.00. Pay now online by going to www.aldouslegal.com and click "Pay Now" at the top. Be sure to reference the listed account number.

A negative credit report reflecting on your credit record may be submitted to a credit reporting agency and will remain if you fail to fulfill the terms of your credit obligations. Upon receipt of this payment, your account and any negative report to the credit bureau will be "Settled in Full," and you will be released from further obligation.

If you desire to pay over the phone, please contact our office today at 1.888.221.5155. More than thirty (30) days has passed since our first written notice to you. Currently, your obligation is not resolved.

When payment is received your obligation will be finalized and closed. Once paid and if you choose, you will be able to enter into a new agreement with the original creditor.

Sincerely,
Aldous & Associates, P.L.L.C.

**THIS IS AN ATTEMPT TO COLLECT A DEBT: ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

**At this time, not [sic] attorney with this firm has personally reviewed the particular circumstances of your account.**

OUR ATTORNEYS ARE ADMITTED TO PRACTICE IN ONE OR
MORE OF THE FOLLOWING: NEW YORK**, LOUISIANA*,
PENNSYLVANIA*, UTAH*

JA 8–9, 22.

Powell filed suit, alleging that this letter violates 15 U.S.C. § 1692e(3), (5), and

(10). He premised those allegations on his view that the letter could mislead the least

3

sophisticated consumer to believe that an attorney at Aldous was meaningfully involved in collecting the debt, and that Aldous could commence legal action against said consumer. That, in turn, would not only violate sections 1692e(3) and (5),[1] but also section 1692e(10) and 1692e more generally, as the letter could constitute using false, deceptive, or misleading representations to attempt to collect a debt.

Aldous filed a motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6), and the District Court granted that motion. The District Court concluded that the letter sufficiently disclaims meaningful attorney involvement, and "merely states that failure to pay the debt at all may have a negative impact on one's credit[.] . . . [It] does not threaten legal action or suggest that a suit is imminent." JA 18–19.

Powell appealed.

## II.    Jurisdiction and Standard of Review

Pursuant to 28 U.S.C. § 1331, the District Court had subject matter jurisdiction over Powell's FDCPA claims. We have jurisdiction under 28 U.S.C. § 1291 and review *de novo* a district court's decision on a motion to dismiss. *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96 (3d Cir. 2018) (citation omitted). Thus, as the District Court did, we examine whether, accepting the well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in Powell's favor, a plausible claim to relief exists.

---

[1] Sections 1692e(3) and (5) specifically prohibit "[t]he false representation or implication that any individual is an attorney or that any communication is from an attorney," and "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," respectively. 15 U.S.C. § 1692e(3), (5).

4

*McTernan v. City of York*, 577 F.3d 521, 530 (3d Cir. 2009) (citation omitted).

### III.     Analysis

The crux of Powell's case is that Aldous's letter is a debt collection letter from a law firm, which uses the firm letterhead, and includes numerous legal terms of art such as "amnesty," "obligation," and "settlement." This is despite the fact that the letter simultaneously acknowledges that no lawyer from the firm has been admitted to practice in the debtor's state. In Powell's view, such a letter violates section 1692e(3) because it implies meaningful attorney involvement where there was none; it violates section 1692e(5) because it implies that a lawsuit could be instituted by Aldous when it cannot; and section 1692e(10) because it could be read to have two or more meanings on each of those points, one of which is inaccurate.

Aldous counters that the letter is FDCPA-compliant because it contains an attorney disclaimer—a statement disclaiming that an attorney has personally reviewed the debtor's account—placed on the "front and center" of the letter, as opposed to on the back. To that effect, Aldous argues that its letter is consistent with our decision in *Lesher v. Law Offices of Mitchell N. Kay, PC*, 650 F.3d 993 (3d Cir. 2011). *See* Appellee Br. 2, 12 (stating that "[t]he *Lesher* court was concerned about the placement, not the verbiage of the disclaimer").

Both parties miss the mark.

Powell's argument is ultimately unhelpful because the letter does include language intended to clear up any misimpression that Aldous was acting as an attorney and that there was meaningful attorney involvement. The letter prominently places two

5

disclaimers, one clearly stating, *inter alia*, "**THIS IS AN ATTEMPT TO COLLECT A DEBT. . . . THIS COMMUNICATION IS FROM A DEBT COLLECTOR[,]**" and the other that, "**[a]t this time, not [sic] attorney with this firm has personally reviewed the particular circumstances of your account.**" JA 22 (emphases in original).

Aldous, on the other hand, puts undue weight on the placement of the disclaimers. To be clear, that is a factor to consider. In *Lesher*, we observed that "disclaimers included in [debt collection] letters, which are printed on the backs," do not "make clear to the least sophisticated debtor that [the law firm in question] is acting solely as a debt collector and not in any legal capacity in sending the letters." 650 F.3d at 1003. But we also considered the collection letters at issue in their totality, and concluded that they "falsely impl[ied] that an attorney, acting as an attorney, [was] involved in collecting [the relevant] debt." *Id.* (explaining that the disclaimer printed on the back "completely contradict[ed] the message sent on the front of the letters[,]" which was "that the creditor retained a law firm to collect the debt").

In granting Aldous's motion, the District Court's analysis was consistent with our approach in *Lesher*. The District Court expressly states that its conclusion that the attorney disclaimer at issue in this case is sufficient is premised on "[m]any factors." JA 18. It proceeds to explain those factors: (a) the disclaimer is (i) in a bold, normal size font, (ii) located on the front of a one-page letter, (iii) set apart in a separate paragraph, and (b) the letter is not signed by an attorney. *Id.* We agree that, given the totality of the letter, such a disclaimer is sufficient to dispel the impression of meaningful attorney involvement.

6

Likewise, Powell's section 1692e(5) claim fails because, for the reasons provided by the District Court, we also conclude that the letter would not lead the least sophisticated consumer to believe that a lawsuit was being threatened. In so holding, because Powell's arguments related to his section 1692e(10) claims depend on the same facts and arguments as those for his sections 1692e(3) and (5) claims, we do not find the sort of ambiguity Powell suggests in support of his section 1692e(10) claim.

We will therefore affirm the District Court's dismissal of Powell's FDCPA claims.