NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-2686

———————————

*THE ESTATE OF VITTORIO GINZBURG, BY ADMINISTRATORS
SOFIA ERMEY AND LIONEL ARTOM-GINZBURG,

Appellant

v.

ELECTROLUX HOME PRODUCTS, INC.

(*Amended Pursuant to Clerk's Order entered January 18, 2019)

———————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-17-cv-03384)
District Judge: Honorable Nitza Quiñones Alejandro

———————————

Argued April 16, 2019

———————————

Before: AMBRO, GREENAWAY, JR., and SCIRICA, *Circuit Judges*.

(Opinion Filed: September 4, 2019)

———————————

Lionel C. Artom-Ginzburg *[ARGUED]*
1628 John F. Kennedy Boulevard
8 Penn Center Plaza
Philadelphia, PA 19103, USA
        Counsel for Appellant

Melissa L. Yemma *[ARGUED]*
David A. Herman
Nicolson Law Group
1400 North Providence Road
Rose Tree Corporate Center II, Suite 4045
Media, PA 19063, USA
    Counsel for Appellee

————————

OPINION[*]

————————

GREENAWAY, JR., *Circuit Judge*.

In *McCreesh*, the Pennsylvania Supreme Court adopted a "flexible approach" to determine the efficacy of a plaintiff's service of process, thus abandoning "the draconian action of dismissing claims based on technical failings that do not prejudice the defendant." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 666 (Pa. 2005). We believe that the District Court's dismissal of this action was such a draconian action. While service here may have been technically late by a matter of days, we see no prejudice. This action should proceed. We will reverse.

I.

On February 6, 2015, at approximately 2:00 a.m., a fire started in the kitchen of Appellant Vittorio Ginzburg's ("Ginzburg's")[1] condominium, located at 323 S. 17th

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] This appeal is brought by Lionel Artom-Ginzburg and Sofia Ermey, administrators of Vittorio Ginzburg's estate. This opinion refers to the Appellant as "Ginzburg" in conformity with the District Court's opinion and the parties' briefs.

Street, Unit 2, Philadelphia, Pennsylvania 19103. The fire destroyed three rooms of Ginzburg's home and caused smoke and fire damage to three other units in the building. According to Ginzburg, a defective clothes dryer manufactured by Appellee Electrolux Home Products, Inc. ("Electrolux") caused the fire.

Ginzburg commenced this action by filing a writ of summons in the Court of Common Pleas on February 6, 2017. He sued Electrolux for negligence (Count 1); negligent failure to warn (Count 2); breach of express and implied warranties (Count 3);[2] and strict product liability (Count 4).

Under Pennsylvania law, Ginzburg's claims for negligence (Count 1), negligent failure to warn (Count 2), and strict liability (Count 4) are subject to a two-year statute of limitations which accrues on the date that the injury was inflicted. 42 Pa. Con. Stat. Ann. § 5524(7) (listing "[a]ny . . . action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct"

---

[2] Ginzburg's claim for breach of express and implied warranties is subject to a four-year statute of limitations that commences "when tender of delivery [was] made." 13 Pa. Con. Stat. Ann. § 2725(a), (b); *Nationwide Ins. Co. v. Gen. Motors Corp./Chevrolet Motor Div.*, 625 A.2d 1172, 1174 (Pa. 1993) ("[A] breach of warranty action accrues on, and suit must be filed within four years of, the date the seller tenders delivery of the goods, even if the breach is not apparent until after delivery has been tendered."). Since Ginzburg did not allege facts about when the Electrolux dryer was delivered, the District Court dismissed this claim without prejudice with leave to file an Amended Complaint within 30 days. Ginzburg did not file an Amended Complaint, and the claim was subsequently dismissed with prejudice. This issue was not briefed; therefore, we will consider it waived. "We have long recognized, consistent with Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1, that an appellant's opening brief must set forth and address each argument the appellant wishes to pursue in an appeal." *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 145 (3d Cir. 2017) (citations omitted).

3

among the "actions and proceedings [that] must be commenced within two years"). "An action may be commenced by filing . . . (1) a *praecipe* for a writ of summons, or a complaint." Pa. R. Civ. P. 1007 (emphasis in original). The Pennsylvania Rules of Civil Procedure further require "[o]riginal process [to] be served" on out-of-state parties "within ninety days of the issuance of the writ." Pa. R. Civ. P. 404.

To toll the statute of limitations, Ginzburg was required to commence this action by February 6, 2017, which he did by filing the Praecipe for a Writ of Summons (the "Writ") in the Philadelphia Court of Common Pleas on that date. Ginzburg was also required to serve Electrolux, an out-of-state party, within ninety days, or by May 8, 2017.[3] *See* Pa. R. Civ. P. 404. Ginzburg sent the Writ to Electrolux via certified mail on May 5, 2017, eighty-eight days after filing it. He addressed it to 250 Bobby Jones Expressway, Martinez, Georgia 30907, and it was marked "delivered" to a P.O. Box in Augusta, Georgia on May 9, 2017—one day after service was required to toll the statute of limitations.

According to an affidavit by the Facility Manager for Electrolux, Scott Stanley, not only did Ginzburg get Electrolux's address wrong by listing "Martinez, Georgia" instead of "Augusta, Georgia;" the office located at 250 Bobby Jones Expressway, Augusta, Georgia 30907 was vacated in September 2011—over five years prior to Ginzburg's attempted service. On August 4, 2017, Joanne Chatley, the Litigation Manager for Electrolux North America, attested to the fact that she was unaware of the

---

[3] The ninetieth day fell on a Sunday, May 7, 2017, and was therefore excluded. Pa. R. Civ. P. 106(b).

4

writ at the time it was delivered to the Augusta Post Office. Chatley later revised her statement in an affidavit dated August 28, 2017, to reflect that she did receive Ginzburg's Writ of Summons among other things in an email on May 12, 2017, which she had previously not noticed.

On June 30, 2017, Ginzburg filed a Complaint against Electrolux in the same proceeding, raising the same claims stated in his Writ. Electrolux subsequently removed this case to the United States District Court for the Eastern District of Pennsylvania. On August 4, 2017, Electrolux moved to dismiss Ginzburg's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), for insufficiency of service of process, and for failing to state a claim upon which relief can be granted based on the running of the applicable statutes of limitations, respectively.

On January 19, 2018, the District Court granted Electrolux's Motion to Dismiss pursuant to Rule 12(b)(6), holding that Ginzburg's belated attempt at service to an outdated and incorrect address for Electrolux did not constitute proper service or a good faith attempt to serve the Writ. The District Court rejected Electrolux's Rule 12(b)(5) argument, however, concluding that Ginzburg had perfected service within the parameters of Rule 4(m) by serving Electrolux with the Complaint within the requisite ninety days from removal to federal court. *See* Fed. R. Civ. P. 4(m).

On February 19, 2018, Ginzburg filed a Motion for Reconsideration of the District Court's January 19th Order. In an order dated July 16, 2018, the District Court denied Ginzburg's motion on the merits. This timely appeal followed.

## II.[4]

The District Court granted Electrolux's Motion to Dismiss pursuant to Rule 12(b)(6), concluding that Ginzburg's claims were time-barred due to his ineffective service of process. Given the guidance provided by the Pennsylvania Supreme Court in *McCreesh*, we will reverse.[5]

"We exercise plenary review of a district court's order granting a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and apply the same standard as does the District Court." *Edinboro Coll. Park Apartments v. Edinboro Univ. Found.*, 850 F.3d 567, 572 (3d Cir. 2017) (citation omitted). Under this standard, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 79 n.4 (3d Cir. 2017); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). When reviewing a 12(b)(6) motion, we "accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them." *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96–97 (3d Cir. 2018).

---

[4] The District Court had jurisdiction under 28 U.S.C. § 1332. This Court has jurisdiction under 28 U.S.C. § 1291.

[5] The parties also allude to the District Court's rejection of Electrolux's Rule 12(b)(5) arguments in their briefing, *see* Appellant's Br. 10–11; Appellee's Br. 25–27, but we decline to reach this ruling. Assuming arguendo that it would be appropriate for us to address Rule 12(b)(5), to the extent the Rule 12(b)(5) analysis is premised on the same underlying issues as those in the Rule 12(b)(6) analysis—i.e., the timeliness of Ginzburg's claims and the efficacy of Ginzburg's service of process—we need not analyze it separately.

"As a federal court sitting in diversity, we must apply the substantive law as decided by the state's highest court." *Travelers Indem. Co. of Ill. v. DiBartolo*, 131 F.3d 343, 348 (3d Cir. 1997) (citation omitted). Here, the underlying substantive issue of law is whether Ginzburg tolled the relevant statute of limitations. "[S]tate tolling principles are generally to be used by a federal court when it is applying a state limitations period." *Bohus v. Beloff*, 950 F.2d 919, 924 (3d Cir. 1991) (quoting *Vernau v. Vic's Market, Inc.*, 896 F.2d 43, 45 (3d Cir.1990) (internal quotation marks omitted)). In cases, such as this one, where the substantive state law is not clear, "we must forecast the position the supreme court of the forum would take on the issue," *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993) (collecting cases), and "[t]he 'carefully considered statement[s]' of the Supreme Court in dicta . . . also inform our prediction." *Travelers*, 131 F.3d at 348 (quoting *McKenna v. Ortho Pharm. Corp.*, 622 F.2d 657, 662 n.21 (3d Cir. 1980)). "Our review of the district court's prediction and application of state law is plenary." *Clark*, 9 F.3d at 327.

To determine whether Ginzburg's Complaint was time-barred, we must examine whether Ginzburg complied with the relevant Pennsylvania procedural rules. Pursuant to 42 Pa. Con. Stat. Ann. § 5524(7), Ginzburg was required to bring this action within two years of the event giving rise to his claims, or by February 6, 2017. Ginzburg's obligations under the Pennsylvania Rules of Civil Procedure did not stop there; he was required to serve Electrolux within ninety days of February 6, 2017 to toll the statute of limitations. Pa. R. Civ. P. 404. "Service is complete upon delivery of the mail," Pa. R. Civ. P. 403, and service by mail must include "a return receipt signed by the defendant

7

or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail, (1) the returned letter with the notation that the defendant refused to accept delivery, and (2) an affidavit that the letter was mailed by ordinary mail and was not returned within fifteen days after mailing," Pa. R. Civ. P. 405(c).

Here, it is clear that Ginzburg did not strictly abide by each of these rules. He attempted to serve Electrolux at an address that was incorrect and outdated. He did not include the requisite return receipt. And even when the Writ serendipitously was delivered to a P.O. Box in Augusta, Georgia, it was still past the ninety-days allotted under Pennsylvania procedure rules. Nonetheless, we consult the guidance given by Pennsylvania's state courts to determine whether the sum of Ginzburg's technical missteps necessarily results in his claims being time-barred.

In *Lamp v. Heyman*, the Pennsylvania Supreme Court addressed what it observed to be a common practice of "stall[ing] . . . the legal machinery" by reissuing a writ or complaint pursuant to the rule now codified at Pa. R. Civ. P. 401(b)(2). 366 A.2d 882, 889 (Pa. 1976). Prior to the *Lamp* decision, the reissuance rule allowed a filing party to effectively circumvent the timely service requirement, because "each valid reissuance [would give] rise to a new equivalent period during which the writ may again be reissued. *Id.* at 885. *Lamp* held that "a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 889. The "good faith effort" rule was later articulated in *Farinacci v. Beaver County Industrial*

8

*Development Authority*, wherein the Pennsylvania Supreme Court stated that "*Lamp* required of plaintiffs a good-faith effort to effectuate notice of commencement of the action." 511 A.2d 757, 759 (Pa. 1986).

After several years of contradictory applications of the *Lamp*/*Farinacci* rule by the lower courts, the Pennsylvania Supreme Court adopted the "flexible approach" to the good-faith attempt rule in *McCreesh v. City of Philadelphia*. 888 A.2d 664 (Pa. 2005). According to the *McCreesh* Court, "plaintiffs' initial procedurally defective service" is considered a good-faith attempt "where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced." *McCreesh*, 888 A.2d at 674. The Pennsylvania Supreme Court "note[d] that there may be situations where actual notice may not be absolutely necessary so long as prejudice did not result," albeit it declined to reach this issue. *McCreesh*, 888 A.2d at 674, n.20. We believe that this is one such situation.[6]

Electrolux concedes that there was no prejudice at the time of Ginzburg's belated service. Oral Argument https://www2.ca3.uscourts.gov/oralargument/audio/18-2686TheEstateofVittorioGinzburg.mp3 ("Oral Arg.") at 10:28–10:38 (argued April 16, 2019) ([Judge Greenaway, Jr.]: "Aren't we supposed to look at the prejudice back [at the time of the attempted service of process] and not today?" [Counsel for Electrolux]: "I would agree with you on that one."); Oral Arg. at 10:52–10:58 ([Judge Greenaway, Jr.]:

---

[6] Our conclusion here does not attempt to expand Pennsylvania law, instead it "forecast[s] the position the supreme court of the forum would take on the issue," *Clark*, 9 F.3d at 326.

9

"So if you go back in time . . . you'll agree that there was no prejudice?" [Counsel for Electrolux]: "Yes, your Honor, at that time.").[7] Ginzburg's Writ arrived in Augusta, Georgia on May 9, 2017, and the Litigation Manager for Electrolux North America received it via email on May 12, 2017. Although Electrolux did not have actual notice on the ninetieth day after Ginzburg filed his Writ, it was not prejudiced by receiving the Writ a few days later. Electrolux subsequently participated in this litigation, removing the matter to Federal Court and appearing in case conferences. We predict that this is the situation anticipated by the carefully considered footnote in *McCreesh*: despite a lack of timely actual notice, the non-filing party was not prejudiced. *See* 888 A.2d at 674, n.20. Ginzburg should not be punished for his technical missteps where his missteps do not contradict a finding of good faith. *Cf. McCreesh*, 888 A.2d at 674. Therefore, the District Court's dismissal for failure to state a claim under Rule 12(b)(6) was improper.

## III.

For the foregoing reasons, we will reverse the District Court.[8]

---

[7] Instead, Electrolux argues that the prejudice arises from Ginzburg's death, since they can no longer depose him. Oral Arg. at 10:10–10:26.

[8] In so holding, we deny Ginzburg's Motion Requesting Certification of State Law to the Supreme Court of Pennsylvania pursuant to 3d Cir. L.A.R. Misc. 110.

10