NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1394
_____

WILLIAM DRUMMOND; GPGC LLC; SECOND AMENDMENT FOUNDATION, INC.,

Appellants

v.

TOWNSHIP OF ROBINSON; MARK DORSEY, Robinson Township Zoning Officer,
in his official and individual capacities
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-18-cv-01127)
District Judge: Honorable Marilyn J. Horan
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 2, 2019

Before:  SHWARTZ, FUENTES and FISHER, *Circuit Judges*.

(Filed:  November 14, 2019)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Pursuant to a local zoning ordinance, Robinson Township denied William

Drummond's application to open and operate a gun club. Drummond, the Greater

Pittsburgh Gun Club, LLC, and the Second Amendment Foundation, Inc. (collectively,

"Drummond") then brought suit, alleging that Robinson Township and Zoning Officer

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mark Dorsey (collectively, the "Township") had infringed their Second and Fourteenth Amendment rights.

The District Court granted the Township's motion to dismiss, and it denied Drummond's request for a preliminary injunction as moot. We will vacate and remand for further proceedings with respect to the facial Second Amendment challenges contained in Counts I and II[1] and the request for a preliminary injunction. We will affirm the District Court's judgment in all other respects.[2]

Second Amendment challenges are evaluated using a two-step framework.[3] First, courts must "ask whether the challenged law imposes a burden on conduct falling within the scope of the Second Amendment's guarantee."[4] Then, if the law imposes such a burden, courts must evaluate it "under some form of means-end scrutiny."[5] Drummond argues that the District Court erred in holding, at Step One, that Sections 601 and 311(D) of the Robinson Township Zoning Ordinance do not burden his Second Amendment rights and that, as a result, the District Court also erred by failing to reach Step Two.

---

[1] Counts I, II, and III also contain as-applied Second Amendment challenges to the zoning ordinance. The District Court properly held that as-applied challenges are not ripe until the plaintiff "give[s] the local zoning hearing board the opportunity to review the zoning officer's decision." J.A. 17. Because Drummond has not done so, we will affirm the dismissal of the as-applied challenges.

[2] The District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1292(a)(1). "[T]he District Court's decision on a motion to dismiss" is reviewed *de novo*. *Taksir v. Vanguard Grp.*, 903 F.3d 95, 96 (3d Cir. 2018). "With respect to the denial of a preliminary injunction, we review findings of fact for clear error, legal conclusions *de novo*, and the decision to grant or deny the injunction for an abuse of discretion." *Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018).

[3] *United States v. Marzzarella*, 614 F.3d 85, 89 (3d Cir. 2010).

[4] *Id.*

[5] *Id.*

"In order to uphold the constitutionality of a law imposing a condition on the commercial sale of firearms, a court necessarily must examine the nature and extent of the imposed condition."[6] The District Court determined, at *Marzzarella* Step One, that the nature and extent of Sections 601 and 311(D) of the Robinson Township Zoning Ordinance do not substantially burden Second Amendment rights because they leave open alternative channels for law-abiding citizens to acquire a firearm or maintain proficiency in the use of firearms through use of a time, place, and manner test.

We agree with Drummond that this was error. The District Court essentially collapsed the two-step *Marzzarella* test when it used a time, place, and manner test to evaluate the Step One inquiry—whether the law places a burden on Second Amendment rights. *Marzzarella* demonstrates that in determining whether the law places a burden on Second Amendment rights, a textual and historical analysis is required.[7] This analysis should apply the textual and historical understanding of the Second Amendment as enunciated in *Heller* to the conduct at issue: acquiring firearms and maintaining proficiency in their use.[8] A time, place, and manner test is not an

---

[6] *Id.* at 92 n.8.

[7] *Id.* at 89-93. ("Our threshold inquiry, then, is whether § 922(k) regulates conduct that falls within the scope of the Second Amendment. . . . In defining the Second Amendment, the Supreme Court began by analyzing the text . . . ."; "This reading is also consistent with the historical approach *Heller* used to define the scope of the right. . . .").

[8] *See District of Columbia v. Heller*, 554 U.S. 570, 579-619 (2008). Our sister circuits have conducted such an analysis and their opinions are illustrative. *See, e.g.*, *Teixeira v. Cty. of Alameda*, 873 F.3d 670, 677 (9th Cir. 2017) ("[T]he core Second Amendment right to keep and bear arms for self-defense 'wouldn't mean much' without the ability to acquire arms. (quoting *Ezell v. City of Chicago*, 651 F.3d 684, 704 (7th Cir. 2011))); *Ezell*, 651 F.3d at 708 ("[T]he right to maintain proficiency in firearm use [is] an important corollary to the meaningful exercise of the core right to possess firearms for self-defense.").

appropriate means to determine, at Step One, whether a burden has been placed on Second Amendment rights, and is instead appropriate under the Step Two inquiry.[9] The District Court erred when it did not perform a textual and historical analysis, but rather skipped ahead to the time, place, and manner question.

Drummond's remaining constitutional arguments fail. The zoning officer's conduct did not violate his Fourteenth Amendment rights to substantive due process because the zoning officer's conduct is not conscience-shocking. Stalling, delay, and failure to notify about meetings do not rise to the level of the "most egregious" official conduct, which is required in order to shock the conscience.[10]

Section 601 does not violate the Fourteenth Amendment's Equal Protection Clause by requiring gun clubs to operate as nonprofits while allowing other businesses within the zoning district to operate for a profit. Because gun clubs are not a protected class under the Equal Protection Clause, the ordinance is subject to only rational-basis review.[11] The profit versus nonprofit distinction in Section 601 bears a rational relationship to the Township's permissible objective of nuisance prevention because the commercial nature of a shooting range is reasonably related to the intensity of land use and the impact that such use may have on neighboring properties.

---

[9] *Marzzarella*, 614 F.3d at 95-99 (borrowing from First Amendment time, place, and manner analysis in determining appropriate level of scrutiny).

[10] *Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (quoting *United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003)).

[11] *Congregation Kol Ami v. Abington Township*, 309 F.3d 120, 133 (3d Cir. 2002) ("[L]and use ordinances that do not classify by race, alienage, or national origin, will survive an attack based on the Equal Protection Clause if the law is 'reasonable, not arbitrary' and bears 'a rational relationship to a (permissible) state objective.'" (quoting *Village of Belle Terre v. Boraas*, 416 U.S. 1, 9 (1974))).

4

After dismissing Drummond's constitutional claims, the District Court denied his request for a preliminary injunction as moot. In light of our decision to vacate and remand for further proceedings on the facial Second Amendment claims, Drummond's preliminary injunction request is no longer moot to the extent it is based on those claims.

For the foregoing reasons, we will vacate and remand with respect to Drummond's facial Second Amendment claims and the denial of the preliminary injunction. We will affirm in all other respects.